United States Court of Appeals,

Eleventh Circuit.

No. 97-6236

Non-Argument Calendar.

UNITED STATES of America, Plaintiff-Appellee,

v.

T. Glenn ANDERTON, a.k.a. Thomas Glenn Anderton, Reba Sue Anderton, Defendants-Appellants.

March 4, 1998.

Appeals from the United States District Court for the Northern District of Alabama. (No. CR-96B-285-NE), Sharon Lovelace Blackburn, Judge.

Before ANDERSON, DUBINA and HULL, Circuit Judges.

PER CURIAM:

Appellants T. Glenn Anderton ("Mr. Anderton") and Reba Sue Anderton ("Mrs. Anderton") were convicted by a jury of one count of receiving by mail a visual depiction of a minor engaged in sexually explicit conduct, in violation of 18 U.S.C. § 2252(a)(2), and one count of using the mail for delivery of nonmailable material, in violation of 18 U.S.C. § 1461. In addition, Mr. Anderton was convicted of one count of possessing material involving minors engaged in sexually explicit conduct, in violation of 18 U.S.C. § 2252(a)(4)(B).

1. Validity of the Government's Search Warrant

Mr. Anderton argues that the district court erred in failing to suppress evidence seized during the search of his home. According to Mr. Anderton, postal inspector Beryl Hedrick either intentionally or recklessly included false statements in his affidavit submitted in support of his application for a search warrant, and, without these allegedly false statements, no probable cause

existed to issue the search warrant, making the search and its fruits illegal. Specifically, Mr. Anderton contends that Inspector Hedrick misled the magistrate judge into believing that he had personal knowledge of what was in the Andertons' residence and that the contraband videotape had been received and was inside the residence.

Rulings on motions to suppress evidence involve mixed questions of law and fact. We review factual findings for clear error and the application of the law to the facts *de novo. United States v. Reid,* 69 F.3d 1109, 1113 (11th Cir.1995). If a defendant demonstrates by a preponderance of the evidence that an affidavit used to procure a search warrant contains intentionally or recklessly false statements and that, the false statements aside, the affidavit is insufficient to establish probable cause, the district court must void the search warrant and exclude the fruits of the search. *Franks v. Delaware,* 438 U.S. 154, 155-56, 98 S.Ct. 2674, 2676-77, 57 L.Ed.2d 667 (1978).

A review of the record indicates that Mr. Anderton did not meet his burden of demonstrating that Inspector Hedrick made false statements in his affidavit. Inspector Hedrick's affidavit fairly and accurately presented the information gathered in the investigation of the Andertons up to the time of the application. Among other things, Inspector Hedrick stated that he had corresponded with the Andertons and they not only expressed an interest in obtaining videotapes depicting minors engaged in sexual activity, but also indicated that they had some photographs and videotapes they would be willing to trade. In addition, the affidavit indicated that the Anderton investigation had uncovered an incident report and victim statement alleging that Mr. Anderton had raped a 15-year-old girl in the residence, during which Mr. Anderton took at least one sexually explicit photograph of the minor. Furthermore, Inspector Hedrick averred that the information in his affidavit was based upon his own personal knowledge and "observations by and conversations with and reports of other law enforcement officers." *See United States v. Kirk,* 781 F.2d 1498, 1505 (11th Cir.1986) (stating that

"[o]bservations of fellow officers of the Government engaged in a common investigation are plainly a reliable basis for a warrant applied for by one of their number" as long as the affiant states that he is relying on other officers in the affidavit).

Contrary to Mr. Anderton's assertions, Inspector Hedrick did not state that he had personal knowledge of the presence of child pornography in the Anderton residence. Reading the affidavit as a whole, it is clear the target of the search was not the contraband videotape sent to the Andertons as part of the sting operation. Instead, Inspector Hedrick sought a warrant to search the Andertons' residence for: (1) a check stub or check register corresponding to the check used to purchase the contraband videotape, and (2) the sexually oriented photograph and videotape collection offered for trade in the Andertons' correspondence. In fact, Inspector Hedrick informed the magistrate judge that, although he had mailed a videotape containing child pornography to the Andertons' post office box, he intended to execute the search warrant "whether or not the package is delivered...."

Mr. Anderton presented no evidence that Inspector Hedrick's affidavit was misleading or false. Furthermore, the information in the affidavit was sufficient to establish probable cause to issue the warrant. Consequently, the district court's decision to deny Mr. Anderton's motion to suppress was not clearly erroneous.

2. Denial of Mrs. Anderton's Motions for Judgment of Acquittal

Mrs. Anderton argues that the district court erred in denying her motions for judgment of acquittal. According to Mrs. Anderton, the government did not establish beyond a reasonable doubt that the videotape she possessed depicted a minor, as opposed to an adult, engaging in sexually explicit conduct. We review a denial of a motion for judgment of acquittal based on the sufficiency of the evidence, viewing the evidence in a light most favorable to the government. *United States v. McKinley,* 995 F.2d 1020, 1025 (11th Cir.1993). If any reasonable construction of the evidence

allowed the jury to find the defendant guilty beyond a reasonable doubt, we must affirm the conviction. *Id.*

The government's expert witness, Dr. Marsha Sturdevant, a medical doctor with expertise in adolescent growth and development, testified that, in her opinion, the children depicted in the videotape were between the ages of eleven and fifteen and a half. The Andertons' expert witness, Dr. Jack Turner, a clinical psychologist and sex therapist, testified that, in his opinion, the ages of the individuals in the videotape could not be determined because the pornography industry is "notorious for picking young looking people." However, Dr. Turner admitted on cross examination that he had no medical training or experience evaluating female adolescent growth and development.

This evidence was sufficient to submit the matter to the jury for a determination. The jury was free to evaluate both experts' testimony and conclude that the government's expert was more reliable and credible. *See United States v. Parrado,* 911 F.2d 1567, 1571 (11th Cir.1990). Because a reasonable jury could have found that the evidence established Mrs. Anderton's guilt beyond a reasonable doubt, the district court did not err in denying Mrs. Anderton's motion for judgment of acquittal.

3. Increase in Both Andertons' Offense Levels at Sentencing

Both appellants challenge the district court's decision to increase their offense levels by five levels because they "engaged in a pattern of activity involving the sexual abuse or exploitation of a minor." *See* U.S.S.G. § 2G2.2(b)(4).[1] The Andertons contend that the activities supporting the enhancement were unrelated to the offense of conviction because they did not involve exploitation of a minor for the purpose of producing a visual depiction of sexually explicit conduct, and, thus,

---

[1] At the sentencing hearing, numerous minor female witnesses recounted incidents in which the Andertons either engaged in sexual conduct with them or attempted to induce them to do so.

cannot be considered under U.S.S.G. § 2G2.2(b)(4). We review the application of an enhancement under the Sentencing Guidelines *de novo. United States v. Taylor,* 88 F.3d 938, 942 (11th Cir.1996).

Section 2G2.2(b)(4) provides for a five level increase in a defendant's offense level when the court finds that the defendant "engaged in a pattern of activity involving the sexual abuse or exploitation of a minor." The commentary to § 2G2.2, applicable at the time the Andertons committed their offenses, defined such a pattern as "any combination of two or more separate instances of the sexual abuse or exploitation of a minor, whether involving the same or different victims." *See* U.S.S.G. § 2G2.2, cmt. n. 4 (1995). However, effective November 1, 1996, this commentary was amended to clarify that the "pattern of activity" may include acts of sexual abuse or exploitation that were not committed during the course of the offense or that did not result in a conviction. *See* U.S.S.G. § 2G2.2, cmt. n. 1 (1996).[2]

"It is now well-settled in this circuit that "the sentencing court should consider clarifying amendments when interpreting the guidelines, even when sentencing defendants convicted before the effective date of the amendments.' " *United States v. Howard,* 923 F.2d 1500, 1504 (11th

---

[2]Amended Application Note 1 to Section 2G2.2 states in relevant part:

> "Pattern of activity involving the sexual abuse or exploitation of a minor" means any combination of two or more separate instances of the sexual abuse or sexual exploitation of a minor by the defendant, whether or not the abuse or exploitation (A) occurred during the course of the offense....

U.S.S.G. § 2G2.2, cmt. n. 1 (1996). Prior to this 1996 clarifying amendment, two circuit courts held that the conduct courts may consider under § 2G2.2(b)(4) must relate to the offense of conviction. *See United States v. Surratt,* 87 F.3d 814, 817-19 (6th Cir.1996); *United States v. Chapman,* 60 F.3d 894, 900-01 (1st Cir.1995). These courts relied in large part upon the fact that the application note did not state clearly that the conduct did not have to occur during the course of the offense, even though another application note under the same guideline did contain such a statement. *See Chapman,* 60 F.3d at 901. The 1996 amendment to the application note directly addressed this concern by inserting substantially the same statement.

Cir.1991) (quoting *United States v. Marin,* 916 F.2d 1536, 1538 (11th Cir.1990) (per curiam)). Thus, the district court properly considered the amended commentary in interpreting § 2G2.2.

The district court found that the 1996 amendment made clear that the Sentencing Commission did not intend to limit the pattern of activity the court could consider to conduct related to the offense of conviction. (R17-48). We agree. Because the language of the clarifying amendment clearly permits an increased offense level for conduct unrelated to the offense of conviction, the district court did not err in increasing the Andertons' offense levels.

4. Mr. Anderton's Upward Adjustment at Sentencing

Mr. Anderton also argues that the evidence concerning his abuse of his five-year-old stepdaughter, introduced through the state child abuse investigator's testimony, was unreliable hearsay and, therefore, not a proper basis for an upward departure. We review a district court's decision to depart from the guidelines for abuse of discretion. *Koon v. United States,* 518 U.S. 81, ----, 116 S.Ct. 2035, 2047, 135 L.Ed.2d 392 (1996).

Even if the defendant received an offense level increase under § 2G2.2(b)(4), the commentary to U.S.S.G. § 2G2.2 also permits an upward departure where a defendant engaged in the sexual abuse or exploitation of a minor. U.S.S.G. § 2G2.2, cmt. n. 5 (1995). Furthermore, a court may rely on hearsay at sentencing, as long as the evidence has sufficient indicia of reliability, the court makes explicit findings of fact as to credibility, and the defendant has an opportunity to rebut the evidence. *United States v. Lee,* 68 F.3d 1267, 1276 (11th Cir.1995); *United States v. Query,* 928 F.2d 383, 384-85 (11th Cir.1991). At the sentencing hearing, Anderton's counsel had an opportunity to cross examine the investigator. Additionally, the court made explicit findings as to the credibility of the investigator's testimony and the reliability of the stepdaughter's statements. These findings are not clearly erroneous. Accordingly, the district court did not abuse its discretion

in departing from the guidelines.[3]

Although we find that appellants' judgments and sentences are correct, we notice that there is a clerical error in the judgment and commitment order of Mr. Anderton, which states that he was convicted of possessing sexually explicit materials involving minors and cites 18 U.S.C. § 2242(a)(4)(B).  However, § 2242(a)(4)(B) defines sexual abuse.  The crime of possessing sexually explicit materials involving minors is codified at 18 U.S.C. § 2252(a)(4)(B), which is the code section cited in the PSI and indictment.

Accordingly, we remand to the district court with directions to correct the clerical error contained in Mr. Anderton's judgment and commitment order.

AFFIRMED IN PART;  REMANDED IN PART.

---

[3]Mr. Anderton also argues that the district court's reliance on his stepdaughter's statements deprived him of his Sixth Amendment right to confront witnesses.  Because Mr. Anderton did not raise this argument before the district court, however, he has waived it on appeal.  *See United States v. Simpson,* 904 F.2d 607, 611 (11th Cir.1990).