# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-2806

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Arkansas. |
| Guy Wesley Hamilton, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: January 15, 1999
Filed: February 2, 1999

_____

Before McMILLIAN, LOKEN, and MURPHY, Circuit Judges.

_____

PER CURIAM.

Guy Wesley Hamilton pleaded guilty to transportation and possession of child pornography in violation of 18 U.S.C. § 2252(a)(1) and (a)(4)(B). The district court[1] sentenced him to 51 months in prison and 3 years of supervised release. Hamilton appeals this sentence, challenging his five-level enhancement for "engag[ing] in a pattern of activity involving the sexual abuse or exploitation of a minor." See U.S.S.G. § 2G2.2(b)(4). We affirm.

_____

[1]The HONORABLE JIMM LARRY HENDREN, Chief Judge, United States District Court for the Western District of Arkansas.

While investigating reports that Hamilton had sexually abused the seven-year-old daughter of his live-in girlfriend, investigators uncovered a box of pornographic videos and photographs and evidence Hamilton had downloaded child pornography off the Internet onto his computer hard drive, back-up tapes, and diskettes. Hamilton pleaded guilty to transporting and possessing the child pornography. The five-level enhancement was imposed based upon the district court's finding that he had sexually abused the seven-year-old girl at least twice.

Application Note 1 to § 2G2.2(b)(4) was amended in 1996 to expressly provide that the five-level enhancement applies "whether or not the abuse or exploitation (A) occurred during the course of the offense, (B) involved the same or different victims, or (C) resulted in a conviction for such conduct." In adopting this amendment, the Sentencing Commission noted the enhancement therefore "is broader than the scope of relevant conduct typically considered under § 1B1.3 (Relevant Conduct)." U.S.S.G. App. C, amendment 537, effective Nov. 1, 1996; see United States v. Anderton, 136 F.3d 747, 750-51 (11th Cir. 1998). Hamilton first argues the amendment is unconstitutional because it allows unrelated behavior to be used to enhance a sentence. However, the enhancement is expressly authorized by § 2G2.2(b)(4), as amended, and does not exceed the very broad constitutional power to legislatively define relevant factors at sentencing. See United States v. Galloway, 976 F.2d 414, 422-27 (8th Cir.1992), cert. denied, 507 U.S. 974 (1993).

Hamilton next argues the district court clearly erred in finding sufficient evidence that he warranted a § 2G2.2(b)(4) enhancement. We disagree. The presentence report stated that the daughter told her mother Hamilton had "touched" her on at least two occasions, the daughter's school counselor "confirmed" the girl had been sexually abused, and rape and sexual exploitation charges were brought against Hamilton following his statement to investigators. Hamilton did not object to those factual allegations. Moreover, at sentencing Hamilton denied he had inappropriately touched the young girl but conceded his excessive drinking during this period may

have caused him to forget such incidents. Hamilton also admitted sending a message over the Internet stating he was sexually involved with a seven-year-old girl. Thus, there was ample evidence supporting the district court's finding the enhancement was warranted.

The judgment of the district court is affirmed.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.