**[DO NOT PUBLISH]**

# IN THE UNITED STATES COURT OF APPEALS

## FOR THE ELEVENTH CIRCUIT

_____

**No. 05-12634**
**Non-Argument Calendar**

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 6, 2005
THOMAS K. KAHN
CLERK

D. C. Docket No. 04-00474-CR-T-30-EAJ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PEDRO LUIS DE LA ROSA-HERNANDEZ,

Defendant-Appellant.

_____

**Appeal from the United States District Court**
**for the Middle District of Florida**

_____

**(December 6, 2005)**

**Before DUBINA, CARNES and HULL, Circuit Judges.**

**PER CURIAM:**

Pedro Luis De La Rosa-Hernandez ("De La Rosa") appeals his 135-month

sentence for two drug charges.  De La Rosa contends that the district court erred by denying his request for a mitigating role reduction pursuant to United States Sentencing Guidelines § 3B1.2 (November 1, 2003).[1]  We AFFIRM De La Rosa's sentence but VACATE and REMAND to the district court for the limited purpose of correcting an error in the final judgment.

## I.

According to the Presentence Investigation Report (PSI), on September 4, 2004, the U.S. Coast Guard apprehended De La Rosa and four other men aboard a speed boat carrying over 1,700 kilograms of cocaine off the cost of San Andres, Colombia.  Before being stopped, the boat fled from the Coast Guard at high speed while the crew threw bales of cocaine overboard.  After firing warning shots across the bow of the speed boat with no effect, the Coast Guard fired a disabling shot into the speed boat's engine and then boarded the boat.

The crew denied that there was a master or captain of the boat when, in fact, the captain of the boat was one of the other men then aboard.  The speed boat had no flag, registration numbers, name, or other indicia of nation of registration, and the Government of Colombia could not assert that the speed boat was of Colombian nationality.  Accordingly, the speed boat and its crew were determined

---

[1] The 2003 guidelines apply because the offense occurred in September 2004, prior to adoption of the 2004 guidelines.

to be subject to the jurisdiction of the United States.

In a two-count indictment, a grand jury charged De La Rosa and his four codefendants with: (1) possession with intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. app. § 1903(a), (g), 18 U.S.C. § 2, and 21 U.S.C. § 960(b)(1)(B)(ii); and (2) conspiracy to possess with intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. app. § 1903(a), (g), (j), and 21 U.S.C. § 960(b)(1)(B)(ii). On January 11, 2005, De La Rosa entered a guilty plea as to both counts which was accepted by the district court on January 26, 2005.

Because the offense involved more than 150 kilograms of cocaine, the probation officer assigned a base offense level of 38 pursuant to U.S.S.G. § 2D1.1(c)(1). The probation officer granted a two-level reduction pursuant to U.S.S.G. § 3E1.1(a) for acceptance of responsibility and a one-level reduction pursuant to U.S.S.G. § 3E1.1(a) and (b) for assisting the authorities in the investigation of the offense by providing timely notification of intent to plead guilty. The probation officer made no adjustment for De La Rosa's role in the offense and assigned a total offense level of 35. Because De La Rosa had no criminal history points, he was given a criminal history category of I, resulting in a

3

guideline range of 168-210 months.

At the sentencing hearing, De La Rosa objected to the probation officer's application of the sentencing guidelines. De La Rosa asked the district court to find that he was a minimal or minor participant entitled to a mitigating role reduction pursuant to U.S.S.G. § 3B1.2 and to award him a two-level "safety valve" reduction. The district court summarily denied De La Rosa's request for a mitigating role reduction. The government conceded that a safety valve reduction was proper. Accordingly, the district court granted a two-level reduction, resulting in a total offense level of 33 with a guideline range of 135-168 months. The court adopted the facts as set out in the PSI and imposed a sentence at the low end of the range: 135 months imprisonment and three years probation for each count to run concurrently.

## II.

De La Rosa argues that the district court erred in denying his request to find that he was a minimal participant or, alternatively, no more than a minor participant in the drug smuggling operation. A district court may award a two- to four-level reduction to a defendant who played a "mitigating role" in the criminal offense charged. U.S.S.G. § 3B1.2. A defendant who is "plainly among the least culpable of those involved in the conduct of a group" is a minimal participant

4

eligible for a four-level reduction.  Id. § 3B1.2 cmt. n.4.  A defendant "who is less culpable than most other participants, but whose role could not be described as minimal," is a minor participant eligible for a two-level reduction.  Id. § 3B1.2 cmt. n.5.  An intermediate reduction of three levels is also available.  Id. § 3B1.2.

A defendant seeking a mitigating role reduction bears the burden of proving that he is entitled to the reduction by a preponderance of the evidence.  United States v. De Varon, 175 F.3d 930, 939 (11th Cir. 1999) (en banc).  The district court's determination of a defendant's role in a criminal offense "is heavily dependent upon the facts of the particular case."  U.S.S.G. § 3B1.2 cmt. n.3(C).  Accordingly, we review that determination "only for clear error."  De Varon, 175 F.3d at 937.  As long as the district court's decision is supported by the record, "a district court is not required to make any specified findings other than the ultimate determination of the defendant's role in the offense."  Id. at 939–40.

In De Varon, we established a two-part test for determining whether a mitigating role reduction is appropriate.  See id. at 940–45.  The district court must first measure the defendant's role in the offense against the relevant conduct for which he has been held accountable.  Id. at 940.  "Only if the defendant can establish that []he played a relatively minor role in the conduct for which []he has already been held accountable—not a minor role in any larger criminal

5

conspiracy—should the district court grant a downward adjustment for minor role in the offense." Id. at 944. "[I]n many cases this method of analysis will be dispositive." Id. at 945.

The court then may compare the defendant's culpability to that of other participants in the offense. Id. However, the court should use other participants as comparators "only to the extent that they are identifiable or discernable from the evidence" and, then, "only those participants who were involved in the relevant conduct attributed to the defendant." Id. "The conduct of participants in any larger criminal conspiracy is irrelevant." Id.

Making the same arguments that he made in his presentencing memorandum, De La Rosa contends that he should have been granted a mitigating role reduction because he was "merely a pawn in the transport of the drugs." He also states that: (1) his role was only that of a crew member of the speed boat; (2) he had no ownership interest in the cocaine; (3) he was paid little in comparison to the substantial value of the drugs; and (4) more individuals than just the boat's crew participated in the smuggling operation.

Those bald assertions are unavailing. De La Rosa had the burden of offering evidence from which the court could conclude either that his actual conduct was different than the relevant conduct for which he was held accountable or that he

6

was less culpable than other crew members on the boat. See De Varon, 175 F.3d at 939, 940-45. He did not do so. In fact, De La Rosa, through counsel, did not object to the factual accuracy of the PSI; therefore, he is deemed to have admitted the facts contained in it. United States v. Shelton, 400 F.3d 1325, 1330 (11th Cir. 2005). No evidence in the PSI supports De La Rosa's statements or his claim to be merely a pawn. Allegations by defense counsel in a sentencing memorandum are simply insufficient. United States v. Kapelushnik, 306 F.3d 1090, 1095 (11th Cir. 2002).

Even if we could consider the information which, according to De La Rosa, warrants a mitigating role reduction, we would not find clear error in the district court's refusal to grant a reduction based on the facts contained in the PSI. De La Rosa was one of only five men aboard a speed boat carrying a substantial amount of cocaine. He participated in dumping cocaine overboard while the boat fled from the Coast Guard and failed to identify the captain of the ship when asked. These facts are ample to support a conclusion under the first prong of the De Varon analysis that De La Rosa did not have a minor or minimal role in the offenses with which he was charged—possession with intent to distribute and conspiracy to possess with intent to distribute. This is so regardless of whether he was merely a crew member, did not own any of the drugs, or was paid little in comparison.

7

Although we need not consider the second prong under <u>De Varon</u>, we conclude that a comparison of De La Rosa's culpability to that of the other four participants in the offense is equally unavailing. Although we might consider the captain of the speed boat more culpable than the other crew members, the facts of the PSI indicate that De La Rosa was no less culpable than the rest of the crew. Instead, the facts show that he was of average culpability, and that is insufficient to support a finding that he was a minor or minimal participant.

De La Rosa's contention that his case is similar to that of the defendants in <u>United States v. Dorvil</u>, 784 F. Supp. 849 (S.D. Fla. 1991), is also unconvincing. In that case, the district court granted defendants, four Haitian crewmen of a vessel that imported 227 kilograms of cocaine into the United States, a four-level minimal participant reduction as well as a two-level special reduction because their participation was "exceptionally minimal." <u>Id.</u> at 851–52, 853–54. The defendants were hired in Haiti, and the vessel was loaded with cocaine at sea; however, the evidence showed that the defendants were unaware of the cocaine until they arrived in the United States. <u>Id.</u> at 850. The court also noted that the defendants were hired merely as crewmen, did not know or understand the scope or structure of the criminal enterprise, did not own the cocaine, and were not critical to the success of the enterprise. <u>Id.</u> at 852.

8

De La Rosa points to some similarities between the facts of <u>Dorvil</u> and his case, but key differences exist.  First, De La Rosa went into this venture with full knowledge of the nature of the enterprise—1,700 kilograms of cocaine on a relatively small boat is hard to ignore.  Second, De La Rosa's participation was integral:  He was one of only five crew members, and he participated in throwing the evidence of their crime overboard.  Finally, there is no evidence in the PSI to support De La Rosa's claims that he was nothing more than a mere crewman, was paid little, or that he had no ownership interest in the cocaine.

For the reasons stated above, we find that the district court did not clearly err in denying De La Rosa a mitigating role reduction pursuant to U.S.S.G. § 3B1.2.  Accordingly, we affirm the district court's sentence of De La Rosa.

**III.**

Neither De La Rosa nor the government raises any issue regarding the inconsistencies between the charges to which De La Rosa pleaded guilty, and the charges that appear in the judgment.  Nonetheless, we may <u>sua sponte</u> raise the issue of clerical errors in the judgment and remand with instructions that the district court correct those errors.  <u>See</u> <u>United States v. Anderton</u>, 136 F.3d 747, 751 (11th Cir. 1998) (remanding with directions to the district court to correct the clerical errors where the statute cited in the judgment and commitment order was

9

incorrect).  "It is fundamental error for a court to enter a judgment of conviction against a defendant who has not been charged, tried or found guilty of the crime recited in the judgment."  United States v. Diaz, 190 F.3d 1247, 1252 (11th Cir. 1999).

The judgment entered by the district court in this case incorrectly references Count Two of De La Rosa's conviction as possession—instead of conspiracy to possess—with intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States.  De La Rosa was indicted for and pleaded guilty to one count each of possession and conspiracy to possess.  We vacate and remand the district court's judgment for the limited purpose of correcting this clerical error.

**AFFIRMED in part; VACATED AND REMANDED in part**.