[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 21, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-12286
Non-Argument Calendar
_____

D. C. Docket No. 04-00098-CR-3-LAC

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROBERT A. CEKOSKY,
a.k.a. Howard H. Burney,
a.k.a. Lionel C. O'Grady,
a.k.a. Richard P. Black,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

**(March 21, 2006)**

Before ANDERSON, BLACK  and BARKETT, Circuit Judges.

PER CURIAM:

Robert Cekosky was sentenced to 13 months' imprisonment and 3 years' supervised release, fined $3,000, ordered to pay $4,219 in restitution, and assessed a criminal forfeiture amount of $69,596, after he pled guilty to: (1) two counts of identity theft, in violation of 18 U.S.C. § 1028(a)(7) and (b); (2) fraudulent use of a social security number, in violation of 42 U.S.C. § 408(a)(7)(B); and (3) false statements on a tax return, in violation of 26 U.S.C. § 7206(1). He appeals the district court's enhancement of his base offense level from 8 to 12, for failure to report or correctly identify the source of more than $10,000 income from criminal activity in any year, pursuant to U.S.S.G. § 2T1.1(b)(1), and the court's finding that the amount of his criminal forfeiture was $69,596. He also claims that the district court's amended final notice of forfeiture contains a clerical error to the extent that it connects his convictions for offenses other than identity theft to his forfeiture.

**I.**

Cekosky argues on appeal that the district court erred in enhancing his base offense level from 8 to 12 for failure to report or correctly identify the source of more than $10,000 income from criminal activity in any year, pursuant to U.S.S.G. § 2T1.1(b)(1). He contends that, because he deposited legally acquired money into bank accounts that he opened illegally under stolen identities, the $69,596 of

2

interest income he earned from these accounts did not derive from criminal activity.

We review the district court's interpretation and application of the Sentencing Guidelines in the context of applying enhancements for specific offense characteristics de novo, and the district court's factual findings related to the imposition of sentencing enhancements for clear error. United States v. Barakat, 130 F.3d 1448, 1452 (11th Cir. 1997).

According to § 2T1.1(b)(1), "[i]f the defendant failed to report or to correctly identify the source of income exceeding $10,000 in any year from criminal activity," the offense level should be increased either by 2 levels, or, if the resulting offense level is less than level 12, it should be increased to level 12. U.S.S.G. § 2T1.1(b)(1). "'Criminal activity' means any conduct constituting a criminal offense under federal, state, local, or foreign law." Id., comment. (n.3).

The district court did not err in applying the enhancement pursuant to § 2T1.1(b)(1) because the income he earned on the bank accounts opened under stolen identities did, in fact, derive from criminal activity, in violation of 18 U.S.C. § 1028(a)(7) and (b). The plain language of the guideline and its commentary makes clear that Cekosky's identity theft is criminal activity from which he earned more than $10,000. Accordingly, we affirm imposition of the enhancement.

## II.

Cekosky further argues that the forfeiture amount of $69,596 was excessively disproportionate to the offense he committed because the district court only imposed the minimum fine allowed, and he had deposited legally acquired money into the illegal bank accounts. He also argues that the district court erred in finding that he had only preserved his right to debate the small details of the forfeiture amount, instead of the entire amount.

We review the district court's legal conclusions regarding forfeiture, and whether it is constitutionally excessive, de novo, and the court's factual findings for clear error. United States v. Puche, 350 F.3d 1137, 1153 (11th Cir. 2003) (citations omitted). During sentencing, the district court must order a person convicted of violating 18 U.S.C. § 1028, identity theft, to forfeit to the United States "any property constituting, or derived from, proceeds the person obtained directly or indirectly, as the result of such violation." 18 U.S.C. § 982(a)(2) (emphasis added). "[A] punitive forfeiture violates the Excessive Fines Clause if it is grossly disproportional to the gravity of a defendant's offense." United States v. Bajakajian, 524 U.S. 321, 334, 118 S.Ct. 2028, 2036, 141 L.Ed.2d 314 (1998).

The district court correctly found that $69,596 was derived from his violations of 18 U.S.C. § 1028(a)(7) and (b) because Cekosky was only able to

4

open the bank accounts, and thus earn interest from these accounts, by violating 18 U.S.C. § 1028.  Therefore, it is not necessary to decide whether Cekosky had preserved in the plea agreement his right to contest this amount.

Under the Eighth Amendment, a forfeiture is excessive "if it is grossly disproportional to the gravity of the a defendant's offense."  Bajakajian, 524 U.S. at 334, 118 S.Ct. at 2036.  We have held that comparison to the maximum permissible fine under the statute provides a guideline to what is not an excessive fine.  United States v. 817 N.E. 29th Dr., Wilton Manors, Fla., 175 F.3d 1304, 1309 (11th Cir. 1999).  This is because "Congress is a representative body, [so] its pronouncements regarding the appropriate range of fines for a crime represent the collective opinion of the American people as to what is and is not excessive."  Id. Thus if the forfeited amount is within the range of fines prescribed by Congress, there arises a presumption that the forfeiture is constitutional. Id.  Assuming arguendo that the forfeiture was a fine, the statute under which Cekosky was convicted sets as its maximum fine twice his gain from the crime.[1]  Because the

---

[1]  The forfeiture was tied to Cekosky's identity theft charges, under 18 U.S.C. § 1028(a)(7) and (b), a class C felony.  Because § 1028 does not specify a fine, the general fine provision 18 U.S.C. § 3571 is used.  This section provides for a fine up to $250,000 for a felony.  See § 3571 (b)(3).  Section 3571(d) also provides: "If any person derives pecuniary gain from the offense, . . .the defendant may be fined not more than the greater of twice the gross gain . . . , unless imposition of a fine under this subsection would unduly complicate or prolong the sentencing process."  Cekosky's pecuniary gain from his identity theft was the amount set for the forfeiture.

5

forfeiture amount is smaller than that maximum, we hold that it is constitutional. Accordingly, we affirm the forfeiture amount.

**III.**

Cekosky also points out that the amended final order of forfeiture should be corrected because his indictment connects the forfeiture amount only to his identity theft charges, whereas the amended final order of forfeiture connects the forfeiture to all of his convictions, including convictions for fraudulent use of a social security number and false statements on a tax return.

We may remand with instructions that the district court correct clerical errors in a final order. See United States v. Anderton, 136 F.3d 747, 751 (11th Cir. 1998) (remanding with directions to the district court to correct the clerical errors in the judgment where the statute cited in the judgment and commitment order was incorrect). We have vacated and remanded because the error in the judgment was a clerical one and "correction of the judgment would not prejudice the defendant in any reversible way." United States v. Diaz, 190 F.3d 1247, 1252-53 (11th Cir. 1999).

The presentence investigation report ("PSI") correctly calculated the criminal forfeiture amount based on Cekosky's convictions for identity theft,

which were Counts 1 and 2 of the indictment. Therefore, the statement in the amended final order of forfeiture that the amount of $69,596 relates to Cekosky's convictions on Counts 1, 2, 10, and 15 is merely a clerical error, the correction of which would not prejudice Cekosky in any way. See Diaz, 190 F.3d at 1252-53. Thus, we remand for the limited purpose of correcting the error. See Anderton, 136 F.3d at 751.

**AFFIRMED in part, REMANDED in part.**