[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 05-14429

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APR 6, 2007
THOMAS K. KAHN
CLERK

D.C. Docket No. 04-00327 CR-T-24MAP

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EFRAIN RODRIGUEZ-CANDELARIA,
a.k.a. Tony,
FELIX C. CASTRO,
a.k.a. Alex,

Defendants-Appellants.

_____

Appeals from the United States District Court
for the Middle District of Florida

_____

**(April 6, 2007)**

Before DUBINA and COX, Circuit Judges, and SCHLESINGER,[*] District Judge.

PER CURIAM:

---

[*]Honorable Harvey E. Schlesinger, United States District Judge for the Middle District of
Florida, sitting by designation.

Defendants Efrain Rodriguez-Candelaria and Felix C. Castro were convicted after a bench trial of: (1) conspiracy to possess with intent to distribute at least 5 kilograms of cocaine, in violation of 21 U.S.C. §§ 841(b)(1)(A)(ii), 846; (2) possession of a firearm and ammunition in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1)(A); and (3) possession of a firearm and ammunition as convicted felons, in violation of 18 U.S.C. § 922(g). Defendants appeal.

Both Defendants present the following arguments in attacking their convictions: (1) the court erred in granting the Defendants' motions to represent themselves at trial, and in allowing them to waive their right to a jury trial; (2) the court abused its discretion in denying their motions for a mistrial on the third day of trial after having erroneously allowed them to represent themselves and waive their right to trial by jury; and (3) the evidence was insufficient to prove that they were convicted felons because the conviction packages received in evidence did not sufficiently identify them as the men who had been convicted. Additionally, the Defendant Rodriguez-Candelaria argues that the cumulative effect of these errors rendered his trial unfair.

Both Defendants also attack their sentences, presenting the following arguments: (1) the court erred in sentencing them as career offenders under the

Guidelines because they were not sufficiently identified as the men who had been convicted; and (2) sentencing the Defendants based upon prior convictions not proved at trial beyond a reasonable doubt violated the Sixth Amendment.

Having carefully considered the briefs and relevant parts of the record, and having the benefit of oral argument, we conclude that none of the Defendants' arguments have merit. Accordingly, their convictions and sentences are affirmed.

Though none of the parties raise the issue, there are clerical errors in the judgments. COUNT ONE of the superseding indictment charges a **conspiracy** to possess with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841(b)(1)(A)(ii), 846.[1] However, the judgments against Rodriguez-Candelaria[2] and Castro[3] incorrectly characterize COUNT ONE as "**possession** with intent to distribute cocaine." Because the errors are clerical, we vacate the judgments as to COUNT ONE and direct the district court to correct the clerical errors; we remand for that limited purpose. *See United States v. Anderton*, 136 F.3d 747, 751 (11th Cir. 1998). The judgments should state that the nature of the offense is "conspiracy to possess with intent to distribute cocaine."

---

[1]R1-12 at 1.

[2]R1-110 at 1.

[3]R1-111 at 1.

3

THE CONVICTIONS AND SENTENCES ARE AFFIRMED; THE JUDGMENTS AS TO COUNT ONE ARE VACATED AND REMANDED FOR THE LIMITED PURPOSE OF CORRECTING CLERICAL ERRORS.