[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
March 24, 2008
THOMAS K. KAHN
CLERK

No. 07-12033
Non-Argument Calendar

_____

D. C. Docket No. 06-20765-CR-DMM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ARTHUR FARRINGTON, III,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(March 24, 2008)**

Before ANDERSON, BIRCH and HULL, Circuit Judges.

PER CURIAM:

Arthur Farrington, III appeals his convictions and 360-month sentence for

possession of a firearm by a convicted felon, drug-related offenses, and possession of a firearm during a drug trafficking crime. Farrington argues that his convictions must be vacated because the district court erroneously entered a judgment inconsistent with the indictment. Counts Two through Four charged him with trafficking a "detectable amount" of cocaine base, whereas the judgment of conviction punished Farrington for trafficking in "five grams or more" of cocaine base. Additionally, Count Five charged Farrington with trafficking a detectable amount of marijuana; however, the district court entered judgment for "trafficking in five grams or more of cocaine base." Farrington also argues that the district court misunderstood the applicable statutory maximums for Counts Two and Three, and this misapprehension caused the district court to impose an unreasonable and excessive sentence. We address each of Farrington's arguments in turn. Because the district court erroneously entered a judgment inconsistent with the indictment, we VACATE and REMAND IN PART. However, since the district court did not plainly err in sentencing Farrington, we AFFIRM Farrington's sentences.

## I. BACKGROUND

Three Miami-Dade, Florida police officers observed Farrington sitting in a parked car with an expired license plate. One of the police officers knocked on the

2

driver's side window of the car, and as Farrington exited the car, another officer saw a firearm on the floorboard of the car. Farrington was handcuffed and the officers searched him and the car. The police recovered several bags containing marijuana, powder cocaine, and crack cocaine. A federal grand jury indicted Farrington for (1) possessing a firearm as a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(e), (2) conspiracy to possess with intent to distribute a controlled substance in violation of 21 U.S.C. §§ 841(a)(1) and 846, involving detectable amounts of cocaine base, cocaine, and marijuana in violation of § 841(b)(1)(C) and § 841(b)(1)(D), (3) possession with intent to distribute a detectable amount of cocaine base in violation of § 841(a)(1) and § 841(b)(1)(C), (4) possession with intent to distribute a detectable amount of cocaine in violation of § 841(a)(1) and § 841(b)(1)(C), (5) possession with intent to distribute a detectable amount of marijuana in violation of § 841(a)(1) and § 841(b)(1)(D), and (6) possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A).

Farrington pleaded not guilty, and the case proceeded to trial. The parties stipulated that the substance seized by the police tested positive as "15.8 grams of a mixture . . . containing a detectable amount of cocaine base, . . . 14 grams of a mixture of a substance containing a detectable amount of cocaine . . . [a]nd . . .

over 36 grams of a substance containing a detectable amount of marijuana." R8 at 204-05. The district court charged the jury on the six counts of the indictment. The instructions on Count Three noted that the parties stipulated to 15.8 grams of cocaine base. Id. at 381. The verdict form requested specific findings regarding drug quantities with respect to Counts Two and Three. Farrington did not object to the court's addition of drug quantity to the verdict form. The jury found Farrington guilty on all counts. As to Counts Two and Three, the jury determined that the offenses involved five grams or more of cocaine base.

In Farrington's presentence investigation report ("PSI"), the probation officer noted that, as to Count One, the mandatory minimum was 15 years and the maximum sentence was life imprisonment under § 922(g)(1) and § 924(e). The PSI incorrectly listed Counts Two and Three as conspiracy to possess with intent to distribute five grams or more of cocaine and cocaine base, respectively, instead of possession with intent to distribute a "detectable amount" of cocaine and cocaine base, as charged in the indictment. R1-6 at 2-3. Based upon the drug quantities found by the jury, the PSI listed the terms of imprisonment as to Counts Two and Three as 5 to 40 years under § 841(b)(1)(B). As to Count Four, the maximum term of imprisonment was 20 years under § 841(b)(1)(C). As to Count Five, the maximum term of imprisonment was five years under § 841(b)(1)(D). The

4

minimum term of imprisonment for Count Six was five years, consecutive to the other terms, under § 924(c)(1)(A)(i).

The probation officer calculated a total offense level of 34 and a criminal history category of VI, which yielded a Guidelines sentencing range of 262 to 327 months. The PSI listed Farrington's prior adult criminal convictions, which include (1) armed robbery with a firearm or deadly weapon, armed burglary with an assault, unlawfully discharging a firearm in public, and possession of a firearm by a minor; (2) armed robbery, possession of a firearm by a convicted felon, and carrying a concealed firearm; and (3) carrying a concealed firearm and possession of a firearm by a convicted felon. Based on his prior convictions, the probation officer determined Farrington was an armed career criminal and adjusted the range to 360 months to life imprisonment under U.S.S.G. §§ 4B1.1(c)(2)(B) and 4B1.1(c)(3) (2006). Pursuant to U.S.S.G. § 5G1.2(e), the probation officer apportioned the sentence to the extent possible, providing a range for Count One of 300 months, a range of 240 months for Counts Two through Four, concurrent to Count One, a range of 60 months for Count Five, concurrent to Counts One through Four, and a range of 60 months for Count Six, consecutive to Counts One through Five. Farrington made no objections to the PSI.

At sentencing, the government requested that the district court impose a

5

sentence within the Guidelines range, while Farrington requested that the district court impose a sentence of 240 months of imprisonment and he raised the issue of substantial assistance. Farrington's counsel also recited a letter written on Farrington's behalf by Farrington's mother. After considering the statements of the parties, the PSI, and the advisory Guidelines, the district court imposed a sentence of 360 months based upon Farrington's criminal history, the nature of the offenses, and the need to protect the public. The district court stated that a sentence at "the low end" of the Guidelines' range was an adequate punishment. R10 at 9. The district court then apportioned the sentence as follows: 300 months as to Counts One, Two, and Three; 240 months as to Count Four; 60 months as to Count Five, all of which shall run concurrently; and 60 months as to Count Six, to run consecutive to the sentences as to Counts One through Five. Farrington did not object to the district court's sentence or the PSI calculations, but he renewed his "previous arguments and . . . requests" to the court. Id. at 11. Thereafter, the district court entered its judgment of conviction, finding Farrington guilty on Counts One through Six of the indictment. The judgment listed Count One as possession of a firearm by a convicted felon, Count Two as conspiracy to possess with the intent to distribute five grams or more of cocaine base, Counts Three through Five as possession with the intent to distribute five grams or more of

cocaine base, and Count Six as possession of a firearm during a drug trafficking crime. This appeal followed.

## II. DISCUSSION

1. The District Court's Judgment Contains Clerical Errors

We may sua sponte correct clerical errors in a judgment and remand with instructions that the district court correct the errors. See United States v. Anderton, 136 F.3d 747, 751 (11th Cir. 1998) (per curiam). "It is a fundamental error for a court to enter a judgment of conviction against a defendant who has not been charged, tried or found guilty of the crime recited in the judgment." United States v. Diaz, 190 F.3d 1247, 1252 (11th Cir. 1999). Where the erroneous entry of judgment is a clerical error and the correction of the judgment would not prejudice the defendant, it is appropriate to vacate the judgment and remand to the district court for an entry of judgment in accordance with the charge and the jury verdict. Id.

Upon review of the record and the parties' briefs, we conclude that the judgment of conviction incorrectly stated Counts Two through Five of the indictment. In Counts Two and Three, Farrington was indicted for possession with intent to distribute "a detectable amount" of cocaine and cocaine base, not five grams or more of such substances. R1-6 at 2-3. In Count Four, Farrington was

7

indicted for trafficking in a detectable amount of cocaine, not cocaine base. R1-6 at 3. Finally, in Count Five, Farrington was indicted for trafficking in a detectable amount of marijuana, not cocaine base. We remand to the district court with directions to correct the errors in Counts Two through Five of Farrington's judgment and commitment order.

2. The Sentences Apportioned As To Counts Two and Three Are Proper

Farrington argues that the district court improperly apportioned 300 months of imprisonment as to Counts Two and Three based upon a misunderstanding of the crimes of conviction in those two counts and that these sentences exceed the applicable statutory maximum sentences. Farrington contends that the district court could not exceed the statutory maximum sentences for the crimes charged in the indictment. This argument is without merit, as Farrington was convicted and sentenced under an advisory sentencing scheme based upon drug quantity determinations found beyond a reasonable doubt by the jury.

In Count Two, Farrington was charged with conspiracy to distribute "a detectable amount" of cocaine base, and in Count Three, he was charged with possession of "a detectable amount" of cocaine base. The statutory maximum sentences for each of these crimes is 20 years. See 21 U.S.C. § 841(b)(1)(C). The district court enhanced Farrington's sentences for these crimes based upon the

8

quantity of drugs found by the jury. Under United States v. Cotton, even if no drug quantity is alleged in the indictment, a district court may enhance a defendant's sentence if the evidence as to the relevant quantity of drugs is proven at trial by "overwhelming and essentially uncontroverted" evidence. 535 U.S. 625, 633, 122 S. Ct. 1781, 1786 (2002) (quotation and citation omitted). Therefore, the quantity of drugs proven at Farrington's trial provided a proper basis for enhancing Farrington's sentences as to Counts Two and Three. Although the district court's judgment and commitment order erroneously recited certain of the offenses for which Farrington was indicted, the district court correctly considered the quantity of drugs as found by the jury when considering the appropriate term of imprisonment for Farrington's violations of § 841(b)(1)(C). Notwithstanding those errors in the district court's judgment and commitment order, the district court did not commit error under Apprendi and its progeny because Farrington's sentence is within the range authorized by the facts established by the jury's verdict. See United States v. Booker, 543 U.S. 220, 243-44, 125 S. Ct. 738, 755-56 (2005), Apprendi v. New Jersey, 530 U.S. 466, 490, 120 S. Ct. 2348, 2362-63 (2002). In fact, the drug quantity found by the jury supported a sentence of up to 40 years of imprisonment. See 21 U.S.C. § 841(b)(1)(B). Based upon the jury's verdicts as to the drug quantities Farrington possessed and conspired to distribute, we conclude

that the district court properly enhanced Farrington's sentences as to Counts Two and Three.

3. Farrington's Sentence Is Reasonable

Finally, Farrington argues that the incorrect listing of his crimes of conviction, and subsequent apportionment of his sentence resulted in an excessive and unreasonable sentence. A sentence can be reviewed for procedural or substantive reasonableness. United States v. Hunt, 459 F.3d 1180, 1182 n.3 (11th Cir. 2006). Each will be addressed in turn.

We review a final sentence for reasonableness in light of the 18 U.S.C. § 3553(a) sentencing factors. United States v. Winingear, 422 F.3d 1241, 1246 (11th Cir. 2005) (per curiam). Recently, the Supreme Court clarified that courts of appeals, when reviewing for reasonableness, are to apply the deferential abuse-of-discretion standard. Gall v. United States, ___ U.S. ___, 128 S. Ct. 586, 591 (2007). Review for substantive reasonableness under the abuse-of-discretion standard involves inquiring whether the factors in § 3553(a) support the sentence in question. Id. at ___, 128 S. Ct. at 596. We "must first ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, [or] failing to consider the § 3553(a) factors." Id. at ___, 128 S. Ct. at 597. If the

10

district court made no procedural errors, we must "then consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." Id.

Reasonableness review is "deferential," and "the party who challenges the sentence bears the burden of establishing that the sentence is unreasonable in the light of both [the] record and the factors in [§] 3553(a)." United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005) (per curiam). The district court need not state on the record that it has explicitly considered each factor and it need not discuss each factor. Id. at 786. Rather, "an acknowledgment by the district court that it has considered the defendant's arguments and the factors in [§] 3553(a) is sufficient under Booker." Id. The weight to be accorded to the § 3553(a) factors is within the district court's discretion. See United States v. Williams, 456 F.3d 1353, 1363 (11th Cir. 2006), cert. dismissed, 127 S. Ct. 3040 (2007), overruled on other grounds by Kimbrough v. United States, ___ U.S. at ___, 128 S. Ct. 558, 566 n.4 (2007). The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense, (B) to afford adequate deterrence to criminal conduct, (C) to protect the public from further crimes by the

11

defendant, and (D) to provide the defendant with needed educational or vocational training or medical care; (3) the kinds of sentences available; (4) the Sentencing Guidelines range; (5) pertinent policy statements of the Sentencing Commission; (6) the need to avoid unwanted sentencing disparities; and (7) the need to provide restitution to victims. See 18 U.S.C. § 3553(a)(1)-(7). Moreover, we have rejected the notion that a sentence within the Guidelines is per se reasonable. Talley, 431 F.3d at 787. Even so, "there is a range of reasonable sentences from which the district court may choose, and when the district court imposes a sentence within the advisory Guidelines range, we ordinarily will expect that choice to be a reasonable one." Id. at 788.

Upon review of the record and the parties' briefs, we discern reversible no error. Before pronouncing Farrington's sentences, the district court acknowledged that the Guidelines' sentencing range is between 360 months of imprisonment and life imprisonment, because of Farrington's weapons offense. The district court immediately thereafter stated that "the low end of [the] [G]uidelines are adequate." R10 at 9. By that statement, we conclude that the district court found that a total of 360 months of imprisonment was an adequate sentence, which is the low end of the Guidelines' range under § 4B1.1(c)(3), and not, as Farrington argues, that the district court intended to impose a sentence at the low end of the Guidelines as to

12

each individual count of the indictment. Because the district court properly considered the Guidelines and the § 3553(a) factors in arriving at Farrington's sentence, Farrington cannot establish that his sentence was procedurally unreasonable. Additionally, because the aggregate sentence of 360 months was at the low end of the Guidelines range, and was justified by Farrington's prior criminal history and the nature of the offenses, Farrington cannot establish that his sentence was substantively unreasonable.

### III.  CONCLUSION

Arthur Farrington, III appeals his convictions and 360-month sentence for possession of a firearm by a convicted felon,  possession of a firearm during a drug trafficking crime, and related drug offenses.  Farrington argues that his convictions must be vacated because the district court erroneously entered a judgment inconsistent with the indictment.  Farrington also argues that the district court imposed an unreasonable and excessive sentence because it misunderstood the sentences available under the crimes charged Counts One, Two, and Three.  We conclude that the district court's judgment and commitment order contains clerical errors with respect to certain of the counts of conviction, and we modify and remand this case in part to correct those errors.  We affirm Farrington's sentences, because we conclude that the district court's sentences are supported by the jury's

13

findings as to the quantity of drugs Farrington possessed and conspired to distribute, and because they are reasonable.

**AFFIRMED IN PART, VACATED AND REMANDED IN PART.**