[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-10729
Non-Argument Calendar
_____

D.C. Docket No. 1:13-cr-20683-DLG-1

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

versus

ROBINSON CALIXTE,

Defendant – Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(January 30, 2015)

Before TJOFLAT, WILSON and BLACK, Circuit Judges.

PER CURIAM:

Robinson Calixte appeals his convictions for possession of 15 or more unauthorized access devices with intent to defraud, in violation of 18 U.S.C. § 1029(a)(3), and aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1). Calixte raises two issues on appeal.  First, he argues the district court erred in denying his motion to suppress the evidence obtained from the initial search of one document on his flash drive because the search exceeded the scope of his consent. Second, he contends the district court erred in denying his motion to suppress evidence obtained from a subsequent forensic search because the 11-month delay between the seizure of his flash drive and the  application for a warrant rendered the search unreasonable.  After careful review, we affirm.[1]

We conclude the initial search of the flash drive did not exceed the scope of Calixte's consent.  The scope of a reasonable search is limited to "what a police officer could reasonably interpret the consent to encompass." *United States v. Strickland*, 902 F.2d 937, 941 (11th Cir. 1990).  Assuming *arguendo* the conversation between Calixte and Detective George Festa limited the scope of the search to looking for homework, Special Agent Katherine Litras's search of the most recently opened file did not exceed the scope of this consent.  To confirm the

---

[1]  When reviewing a denial of a motion to suppress, we examine the district court's factual findings for clear error and its application of the law to those facts de novo. *United States v. Anderton*, 136 F.3d 747, 749 (11th Cir. 1998).  We construe the facts in the light most favorable to the party that prevailed in the district court.  *United States v. Santa*, 236 F.3d 662, 668 (11th Cir. 2000).  We may affirm the denial of a motion to suppress on any ground supported by the record. *United States v. Caraballo*, 595 F.3d 1214, 1222 (11th Cir. 2010).

flash drive contained homework, Litras needed to open at least one file, and nothing in the record suggests the most recently opened file was an unreasonable place to begin. Furthermore, Calixte was physically present for the search and neither revoked his consent nor attempted to limit the search to specific files. Under the totality of the circumstances, Litras's search of the file was reasonable. *See United States v. Blake*, 888 F.2d 795, 798 (11th Cir. 1989) ("[W]hether there were any limitations placed on the consent given and whether the search conformed to those limitations is to be determined by the totality of the circumstances.").

We also conclude the 11-month delay in obtaining a warrant did not render unreasonable the Government's subsequent search of Calixte's flash drive. Calixte argues our decision in *United States v. Mitchell*, 565 F.3d 1347 (11th Cir. 2009), establishes the authorities' delay between the seizure and search of the flash drive was unreasonable. In *Mitchell*, we held the government's 21-day delay in obtaining a warrant was unreasonable. *Id.* at 1351-52. *Mitchell*, however, is inapposite. The Fourth Amendment does not require a warrant in this case because Calixte gave Litras consent to search the flash drive. *See United States v. Stabile*, 633 F.3d 219, 235 (3d Cir. 2011) ("Where a person *consents* to search and seizure, no possessory interest has been infringed because valid consent, by definition, requires *voluntary* tender of property.").

3

For the foregoing reasons, the district court did not err in denying the motion to suppress, and we affirm Calixte's convictions.

**AFFIRMED.**