[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 6, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-12404
Non-Argument Calendar

_____

D. C. Docket No. 05-20937-CR-PCH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MOHSION HAROON AHMED,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(February 6, 2007)**

Before BIRCH, BLACK and FAY, Circuit Judges.

PER CURIAM:

Mohsion Haroon Ahmed pleaded guilty to simple assault in the special aircraft jurisdiction of the United States, in violation of 18 U.S.C. § 113(a)(5) and 49 U.S.C. §46506(1), and interference with flight crew members and attendants, in violation of 49 U.S.C. § 46504. He was sentenced to two concurrent three-month terms of imprisonment and three years' supervised release, which included four months' home confinement and 250 hours of community service in each year of supervised release. Ahmed appeals his sentence, arguing that it is unreasonable. For the reasons set forth more fully below, we affirm Ahmed's sentence, but vacate and remand for correction of a clerical error in the judgment.

Ahmed argues that his sentence is unreasonable because the court did not adequately consider the 18 U.S.C. § 3553(a) factors and because it created a disparity between his sentence and other similarly situated defendants charged with the same offense. Ahmed contends that, in contrast to cases where the defendants either were not convicted of the felony charge or, if they were, actual incarceration was minimized through credit for time served, probation, or home detention, he was convicted of the felony offense and received incarceration, supervised release, home detention, and community service. Ahmed further argues that the district court should have accorded more weight to mitigating factors, including his remorse, the unlikelihood of recidivism, and the need for the sentence to be

sufficient, but not greater than necessary to comply with the goals set forth in the § 3553(a) factors.

We review the final sentence imposed by the district court for reasonableness. United States v. Winingear, 422 F.3d 1241, 1245 (11th Cir. 2005). We consider the factors outlined in 18 U.S.C. § 3553(a) and the district court's reasons for imposing the particular sentence. United States v. Williams, 456 F.3d 1353, 1360-61 (11th Cir. 2006), pet. for cert. filed, (U.S. Oct. 19, 2006) (No. 06-7352). The § 3553(a) factors take into account:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims.

United States v. Talley, 431 F.3d 784, 786 (11th Cir. 2005). While the district court must consider the § 3553(a) factors, it is not required to discuss each factor. Id. "[A]n acknowledgment by the district court that it has considered the defendant's arguments and the factors in section 3553(a) is sufficient under Booker." Id. "[T]here is a range of reasonable sentences from which the district court may choose" and the burden of establishing that the sentence is unreasonable

3

in light of the record and the § 3553(a) factors lies with the party challenging the sentence. Id. at 788. "The weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court[,]" and "[w]e will not substitute our judgment in weighing the relevant factors . . . ." Williams, 456 F.3d at 1363. "When reviewing the length of a sentence for reasonableness, we will remand for resentencing if we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." Id.

According to the undisputed facts in the presentence investigation report ("PSI"), on December 3, 2005, Ahmed, a passenger on a flight from London to Miami, had been drinking and became disruptive on the flight. According to the passenger seated next to Ahmed, Ahmed said, "If you give me a knife, I'll kill everyone on the plane." Ahmed attempted to touch and kiss a female flight attendant and grabbed her arms several times and continued to try to kiss her before the Flight Service Manager told Ahmed to return to his seat. Ahmed then took several swings at the Flight Service Manager before the crew was able to get Ahmed to his seat. Before they got Ahmed in his seat, Ahmed placed his hands on another female flight attendant and pushed her head to the side. Before two male

flight attendants were able to restrain Ahmed, he bit the first flight attendant on the arm.

The PSI also stated that Ahmed was arrested on August 4, 2004, after his first wife filed a report with the Sheriff's Office accusing Ahmed of drinking heavily and becoming physically abusive towards her. The PSI stated that an officer observed several injuries, consistent with her report, and that Ahmed admitted to having a fight after he had been drinking, but denied any violence.

At the sentencing hearing, the district court, citing the incident in the PSI showing Ahmed's past behavior involving alcohol and violence toward women, and finding that Ahmed's actions put in jeopardy the crew members, passengers, and, potentially, the safety of the flight itself, stated that it did not believe that probation was appropriate. The district court concluded that this case went beyond the "normal" incident on a plane when someone was intoxicated and, stating that it considered the statements of the parties and their recommendations, the PSI, the advisory Guideline range, and the 18 U.S.C. § 3553 factors, sentenced Ahmed to three months' imprisonment.

Ahmed cannot meet his burden of demonstrating that his sentence is unreasonable. The court's statements that it considered the parties' statements, the PSI, and the § 3553 factors, was sufficient under Booker. See Talley, 431 F.3d at

786. Ahmed's three-month term of imprisonment falls in the middle of the 0-6 month advisory Guideline range and well below the 20-year statutory maximum term of imprisonment on the felony interference charge under 49 U.S.C. § 46504.[1] Based on evidence of Ahmed's past physically abusive actions when drinking, and his actions on the airplane, which included physically assaulting, attempting to kiss, and biting a flight attendant on the arm, we cannot conclude that the district court's sentence is unreasonable.

However, "[w]e may sua sponte raise the issue of clerical errors in the judgment and remand with instructions that the district court correct the errors." United States v. Massey, 443 F.3d 814, 822 (11th Cir. 2006). We have remanded for correction of a clerical error where the statute cited in the judgment and commitment order was incorrect. United States v. Anderton, 136 F.3d 747, 751 (11th Cir. 1998). In this case, the judgment does not correctly list the statutory provisions violated in Count 1, the charge of assault in the special aircraft jurisdiction of the United States, in violation of 18 U.S.C. § 113(a)(5) and 49 U.S.C. §46506(1). The judgment only lists 18 U.S.C. § 113(a)(5), which criminalizes assault within the special maritime and territorial jurisdiction of the United States. 18 U.S.C. § 113(a)(5). However, 49 U.S.C. §46506(1) criminalizes

---

[1] Pursuant to § 1B1.9, the Guidelines were not applied to the assault charge because it was a class B misdemeanor.

6

the same act if committed on an aircraft in the special aircraft jurisdiction of the United States.  See 49 U.S.C. §46506(1).  Accordingly, the district court's judgment should also reflect that Ahmed was adjudicated guilty on Count 1 of violating §46506(1).

In light of the foregoing, we affirm Ahmed's sentence, but vacate and remand for the limited purpose of correcting a clerical error in the judgment.

**AFFIRMED IN PART; VACATED AND REMANDED IN PART.**