[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-11685
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 27, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 08-21090-CR-PCH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JORGE AMABLE ORTIZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(October 27, 2009)

Before BIRCH, BLACK and HULL, Circuit Judges.

PER CURIAM:

Jose Amable Ortiz appeals his 57-month sentence imposed after pleading guilty to illegal reentry into the United States after deportation for felony convictions in violation of 8 U.S.C. § 1326(a), (b)(1). There are two issues presented on appeal, which we address in turn.

I.

Ortiz asserts the sentence imposed was substantively unreasonable under the factors stated in 18 U.S.C. § 3553(a). Specifically, Ortiz claims he should have been given a downward variance from the Sentencing Guidelines range because of the hardships he endured during his voyage from the Dominican Republic to Florida.

A defendant's sentence is reviewed for substantive reasonableness under an abuse-of-discretion standard. *Gall v. United States*, 128 S. Ct. 586, 597 (2007). A sentence is substantively unreasonable "if it does not achieve the purposes of sentencing stated in § 3553(a)." *United States v. Pugh*, 515 F.3d 1179, 1191 (11th Cir. 2008) (quotations omitted). The analysis "involves examining the totality of the circumstances, including an inquiry into whether the statutory factors in § 3553(a) support the sentence in question." *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008), *cert. denied*, 129 S. Ct. 2848 (2009). "[T]he party who challenges the sentence bears the burden of establishing that the sentence is

2

unreasonable in light of both [the] record and the factors in section 3553(a)." *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005).

Ortiz has not met his burden of demonstrating the district court abused its discretion. Ortiz fails to identify how his argument, regarding the hardships he endured during his voyage from the Dominican Republic to Florida, addresses the purposes of § 3553(a) and why the district court's decision fails to achieve those purposes. Ortiz merely asserts, through conclusory statements, that his trauma entitles him to a downward variance without citing any precedent or policy arguments.

The district court did not abuse its discretion in imposing a sentence at the low end of the Sentencing Guidelines range. The district court's sentence was reasonable in light of both the record and the § 3553(a) factors. The district court's sentence of 57 months fell within the applicable Guidelines range of 57 to 71 months and was less than half the statutory maximum of ten years. *See Talley*, 431 F.3d at 788 (stating "when the district court imposes a sentence within the advisory Guidelines range, we ordinarily will expect that choice to be a reasonable one"), *United States v. Winingear*, 422 F.3d 1241, 1246 (11th Cir. 2005) (emphasizing the fact the defendant's sentence was only one-tenth the length of the statutory maximum sentence). Ortiz's sentence is reasonable, and we affirm.

II.

Although neither party raises the issue, we may raise the issue of clerical errors in the judgment *sua sponte* and remand with instructions for the district court correct the errors. *United States v. Diaz*, 190 F.3d 1247, 1252 (11th Cir. 1999) (noting because a judgment listing an incorrect statute could not stand as entered, the judgment should be vacated and remanded to the district court for correction of the clerical error); *United States v. Anderton*, 136 F.3d 747, 751 (11th Cir. 1998) (remanding to the district court with directions to correct clerical error where the statute cited in judgment was incorrect). Remanding to the district court is essential because "[i]t is fundamental error for a court to enter a judgment of conviction against a defendant who has not been charged, tried, or found guilty of the crimes recited in the judgment." *Diaz*, 190 F.3d at 1252.

Ortiz was indicted for violating 8 U.S.C. § 1326(a) and (b)(1). This statute penalizes the reentry of removed aliens. 8 U.S.C. § 1326. During Ortiz's guilty plea, the district court identified the charge as § 1326(a) and (b)(1), and Ortiz pled guilty to that charge. Nevertheless, when the district court issued the judgment, the applicable statutes were listed as 6 U.S.C. §§ 202(3), 202(4), and 557. Section 202 references the responsibilities of the Secretary for Border and Transportation Security. On the other hand, section 557 regards the process of the transition into

4

the Department of Homeland Security. These statutes do not contain any criminal provisions, and are inapplicable. *See* 6 U.S.C. §§ 202, 557. Lastly, as further evidence of the error, the judgment lists the nature of the offense as "alien, having previously been removed, was found to be in U.S. without lawful authority." This description of the offense demonstrates the district court intended to list § 1326 as the applicable statute. *See* 8 U.S.C. § 1326 ("Reentry of removed aliens").

There is no apparent reason why the correction would harm Ortiz. *See Diaz*, 190 F.3d at 1252 (stating the only limitation upon correcting the errors is that correction of the judgment must "not prejudice the defendant in any reversible way"). If anything, having accurate records will be to Ortiz's benefit. Consequently, remand is appropriate because the judgment lists the incorrect statutes and we vacate and remand for the limited purpose of the correcting the clerical error. *See id.*

**AFFIRMED IN PART; VACATED AND REMANDED IN PART.**