[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-15283
Non-Argument Calendar
_____

D.C. Docket No. 8:13-cr-00614-EAK-EAJ-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PEDRO RAMIREZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(January 26, 2017)

Before ED CARNES, Chief Judge, HULL and WILSON, Circuit Judges.

PER CURIAM:

Pedro Ramirez pleaded guilty to failure to register as a sex offender in violation of 18 U.S.C. § 2250(a).  The presentence investigation report recommended a base offense level of 14 under § 2A3.5(a)(2) of the United States Sentencing Guidelines (2014) because Ramirez met the criteria as a Tier II offender.  The PSR also recommended an eight-level increase under § 2A3.5(b)(1)(C) of the guidelines because he had committed a sex offense against a minor during the period when he had failed to register as a sex offender.  After taking into account Ramirez's acceptance of responsibility and calculating his total offense level to be 19, and after assigning Ramirez with a criminal history category of IV, the resulting advisory guidelines range was 46 to 57 months imprisonment.

Ramirez appeals that sentence, contending that (1) the district court erred in classifying him as a Tier II sex offender, (2) the district court erred in applying the eight-level enhancement for committing a sex offense against a minor while failing to register as a sex offender, and (3) that his sentence was procedurally unreasonable.  As to his first two arguments, we review de novo the district court's interpretation and application of the sentencing guidelines and we review for clear error its factual findings.  See United States v. De La Cruz Suarez, 601 F.3d 1202, 1219 (11th Cir. 2010).  As for his third argument, we review for abuse of discretion the procedural reasonableness of a sentence.  See United States v. Register, 678 F.3d 1262, 1266 (11th Cir. 2012).

I.

Section 2A3.5(a)(2) of the guidelines provides for a base offense level of 14 for a defendant who "was required to register as a Tier II offender."  U.S.S.G. § 2A3.5(a)(2).  The definition of "Tier II sex offender" includes a person who was convicted of a sex offense that is both "punishable by imprisonment for more than 1 year" and "comparable to" the offense of "abusive sexual contact (as described in section 2244 of title 18)" when "committed against a minor."  42 U.S.C. § 16911(3).  The crime of abusive sexual contact under § 2244 includes "engage[ing] in sexual contact with another person without that other person's permission."  18 U.S.C. § 2244(b).

In 2002 Ramirez was found guilty of committing Florida sexual battery (slight force) and found not guilty of unlawful sexual activity with a minor. Florida's crime of sexual battery (slight force) is governed by § 794.011(5) of the Florida code which, at that time, provided:

> A person who commits sexual battery upon a person 12 years of age or older, without that person's consent, and in the process thereof does not use physical force and violence likely to cause serious personal injury commits a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, s. 775.084, or s. 794.0115.

3

Fla. Stat. § 794.011(5) (West 2000).[1]  Ramirez contends that the fact that he was found not guilty of unlawful sexual activity with a minor demonstrates that the sexual encounter in that case was consensual, and that the only reason he was convicted of sexual battery was because the 16-year-old victim could not legally provide consent.  That distinction, however, does not matter.  Ramirez was convicted of sexual battery, which required that the jury find that the contact was not consensual.  The district court did not err in finding that Ramirez qualified as a Tier II offender because of his prior conviction for sexual battery, a crime comparable to "abusive sexual contact" against a minor.

## II.

Ramirez also contends that the district court erred in applying the eight-level enhancement for committing a sex offense against a minor while unregistered. Section 2A3.5(b)(1)(A) of the guidelines provides that "[i]f, while in a failure to register status, the defendant committed . . . a sex offense against a minor, increase by 8 levels."  Ramirez argues that the enhancement was improper because the only evidence supporting the facts underlying it was unreliable hearsay.[2]

---

[1] While Florida sexual battery is not limited to victims who are minors, Ramirez concedes that the victim of his Florida crime was 16 years old.

[2] He also contends that the district court should not have allowed the hearsay to be admitted because he was deprived of the opportunity to confront the declarant.  That argument has no merit and is foreclosed by our precedent.  See United States v. Cantellano, 430 F.3d 1142, 1146 (11th Cir. 2005) ("The right to confrontation is not a sentencing right.").

"When the government seeks to apply an enhancement under the Sentencing Guidelines over a defendant's factual objection, it has the burden of introducing sufficient and reliable evidence to prove the necessary facts by a preponderance of the evidence." United States v. Washington, 714 F.3d 1358, 1361 (11th Cir. 2013) (quotation marks omitted). "[A] court may rely on hearsay at sentencing, as long as the evidence has sufficient indicia of reliability, the court makes explicit findings of fact as to credibility, and the defendant has an opportunity to rebut the evidence." United States v. Anderton, 136 F.3d 747, 751 (11th Cir. 1998). A district court's failure to make explicit findings about the reliability of a witness' hearsay testimony, however, does not require reversal when the reliability is apparent from the record. United States v. Docampo, 573 F.3d 1091, 1098 (11th Cir. 2009).

The conduct at issue for the eight-level enhancement involved Ramirez's contact with a 12-year-old girl, and the hearsay Ramirez challenges is the statements the girl made to her mother and to a law enforcement investigator. At the sentence hearing the child's mother testified that Ramirez was staying at her home one night when she woke up to find him standing outside of her daughter's bedroom. After she went into that bedroom, her daughter, who was in a distressed state, told her that Ramirez had been in that room and had been groping her. The mother reported Ramirez to the police, and the investigator who responded to that

5

report also testified at the sentence hearing that the child, who was visibly upset when he spoke to her, had told him that Ramirez had groped her.

While the district court did not explicitly state that it found the hearsay reliable, the consistency of the child's statements to both her mother and the investigator, along with their testimony that the child was visibly upset that night, make the reliability of her statements apparent from the record. The district court did not err in allowing the hearsay testimony to be admitted into evidence and concluding that the necessary facts had been established by a preponderance of the evidence at the sentence hearing.

Ramirez also argues that the eight-level enhancement was improper because he was not convicted of a sex offense for his actions toward the 12-year old child. After the mother reported Ramirez to law enforcement, he was charged with lewd or lascivious molestation but was convicted only of felony battery. He now contends that for the eight-level enhancement to apply he had to have been convicted of a sex offense against a minor. The language of the guideline enhancement, however, does not require a conviction. It instead calls for an enhancement if the defendant "committed" a sex offense against a minor. See U.S.S.G. 2A3.5(b)(1)(C); see also United States v. Lott, 750 F.3d 214, 220–21 (2d Cir. 2014) ("Neither 42 U.S.C. § 16911(5) nor U.S.S.G. § 2A3.5(b)(1)(C) require a sex offense conviction in order to apply an eight-level increase pursuant

to section 2A3.5; conduct amounting to a 'sex offense' is enough."). As a result, the district court did not err in imposing the eight-level enhancement even though there was no sex offense conviction for the conduct.

III.

Finally, Ramirez contends that his sentence is procedurally unreasonable. "A sentence may be procedurally unreasonable and therefore an abuse of discretion if the court commits a significant procedural error such as failing to consider the Guidelines or miscalculating the Guideline range, failing to give due weight to the [18 U.S.C.] § 3553(a) factors, or failing to explain the reason for a chosen sentence." United States v. Bonilla, 579 F.3d 1233, 1245 (11th Cir. 2009).

Ramirez contends that his sentence is procedurally unreasonable because the district court incorrectly calculated the guidelines range and failed to consider the § 3553(a) factors. As we have already noted, the two guidelines challenges Ramirez makes — his classification as a Tier II offender and the imposition of the eight-level enhancement — fail. As for his contention that the district court failed to consider the § 3553(a) factors, at the sentence hearing the district court explicitly stated that it had considered all seven factors in § 3553(a) as well as Ramirez's arguments. The district court did not commit procedural error in sentencing Ramirez.

**AFFIRMED.**

7