[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-14883
Non-Argument Calendar
_____

D.C. Docket No. 3:18-cr-00077-RV-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSEPH OWUSU,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(September 16, 2019)

Before WILLIAM PRYOR, GRANT and ANDERSON, Circuit Judges.

PER CURIAM:

Joseph Owusu appeals his sentence of 135 months of imprisonment

following his plea of guilt to conspiring to distribute and possess with intent to

distribute hydromorphone and oxycodone. 21 U.S.C. §§ 841(a)(1), (b)(1)(C), and 846. Owusu challenges a two-point enhancement for his aggravating role as an organizer, leader, or manager in the offense. U.S.S.G. § 3B1.1(b). He contends that the district court erred in crediting the hearsay statements of a coconspirator, Angela Clark, and maintains that his ownership of the controlled substances alone does not support the enhancement. We affirm.

We review a finding of fact about a defendant's role in the offense for clear error. *United States v. Mesa*, 247 F.3d 1165, 1168 (11th Cir. 2001). A district court commits clear error if we are "left with a definite and firm conviction that a mistake has been committed," but "[w]here there are two permissible views of the evidence, the fact-finder's choice between them cannot be clearly erroneous." *United States v. Smith*, 821 F.3d 1293, 1302 (11th Cir. 2016) (quotation marks omitted) (alteration in original).

When a defendant challenges one of the factual bases of his proposed sentence in the presentence investigation report, the government bears the burden of proving the disputed fact by a preponderance of the evidence. *United States v. Martinez*, 584 F.3d 1022, 1027 (11th Cir. 2009). The district court may base its findings on "facts admitted by a defendant's plea of guilty, undisputed statements in the presentence report, or evidence presented at the sentencing hearing." *United*

2

*States v. Wilson*, 884 F.2d 1355, 1356 (11th Cir. 1989). A defendant who challenges a sentence for being based on false or unreliable evidence must establish that the evidence is "materially false or unreliable" and that "it actually served as the basis for the sentence." *United States v. Ghertler*, 605 F.3d 1256, 1269 (11th Cir. 2010). "[A] court may rely on hearsay at sentencing, as long as the evidence has sufficient indicia of reliability, the court makes explicit findings of fact as to credibility, and the defendant has an opportunity to rebut the evidence." *United States v. Anderton*, 136 F.3d 747, 751 (11th Cir. 1998).

The district court did not clearly err in finding that Owusu served as an organizer, leader, or manager in the offense. Owusu has not established that Clark's hearsay statements were "materially false or unreliable." *See Ghertler*, 605 F.3d at 1269. The district court permitted Owusu the opportunity to rebut the statements and made explicit credibility determinations. Clark's statements also were corroborated by other evidence. *See id.* at 1270. Text messages to Clark from drug buyers asked for Owusu's permission to defer payment for opiates. And other evidence too supports the inference that Owusu exercised decision-making authority and received the larger share of the proceeds of the offense.

**AFFIRMED.**

3