[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-13858

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

JOHNATHAN ANTON WILLIAMS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:22-cr-00308-JSM-AAS-1

_____

Before JORDAN, LUCK, and LAGOA, Circuit Judges.

PER CURIAM:

Johnathan Williams appeals his conviction for possession of a firearm and ammunition as a convicted felon, arguing that 18 U.S.C. § 922(g)(1) violates the Second Amendment and the Commerce Clause, both facially and as applied to him. Both Williams and the government agree that the judgment contains a clerical error incorrectly citing the offense of conviction.

## I.

We generally review the constitutionality of a statute *de novo*. *United States v. Wright*, 607 F.3d 708, 715 (11th Cir. 2010).

We are bound to adhere to our prior panel precedent unless that precedent has been abrogated by our Court sitting *en banc* or by the Supreme Court. *United States v. White*, 837 F.3d 1225, 1228 (11th Cir. 2016) (quotation marks omitted). "To constitute an overruling for the purposes of this prior panel precedent rule, the Supreme Court decision must be clearly on point." *United States v. Kaley*, 579 F.3d 1246, 1255 (11th Cir. 2009) (quotation marks omitted). To abrogate precedent, the Supreme Court must "demolish and eviscerate each of its fundamental props." *United States v. Dubois*, 94 F.4th 1284, 1293 (11th Cir. 2024) (quotation marks omitted).

Section 922(g) of Title 18 of the United States Code prohibits anyone who has been convicted of a crime punishable by more

than one year of imprisonment from possessing a firearm or ammunition. 18 U.S.C. § 922(g)(1).

The Commerce Clause reads: "The Congress shall have Power . . . To regulate Commerce with foreign Nations, and among the several States, and with the Indian Tribes." U.S. Const. art. I, § 8, cl. 3. We have held that § 922(g) is constitutional under the Commerce Clause. *United States v. Stancil*, 4 F.4th 1193, 1200 (11th Cir. 2021). We have also rejected as-applied challenges to 18 U.S.C. § 922(g), holding that the government proves a "minimal nexus" to interstate commerce where it proves that the firearms were manufactured outside the state where the offense took place and thus necessarily traveled in interstate commerce. *Wright*, 607 F.3d at 715-16. In *United States v. McAllister*, we explicitly rejected the argument that *United States v. Lopez*, 514 U.S. 549 (1995) rendered § 922(g)(1) unconstitutional as applied to the appellant, holding that § 922(g)(1)'s statutory requirement of a connection to interstate commerce could satisfy the "minimal nexus" requirement that remained in binding precedent. 77 F.3d 387, 390 (11th Cir. 1996). Similarly, in *United States v. Scott*, we held that *United States v. Morrison*, 529 U.S. 598 (2000) did not abrogate *McAllister* because § 922(g)(1) contained an explicit statutory jurisdictional requirement that "immunizes § 922(g)(1) from Scott's facial constitutional attack," and *Morrison* did not compel a different conclusion than reached in *McAllister*. 263 F.3d 1270, 1273 (11th Cir. 2001).

The Second Amendment reads: "A well regulated Militia, being necessary to the security of a free State, the right of the

people to keep and bear Arms, shall not be infringed." U.S. Const. amend. II. In *District of Columbia v. Heller*, the Supreme Court noted that while it "[did] not undertake an exhaustive historical analysis . . . of the full scope of the Second Amendment, nothing in [the *Heller*] opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons." 554 U.S. 570, 626 (2008). In *United States v. Rozier*, we relied on *Heller* to hold that § 922(g)(1) did not violate the Second Amendment. 598 F.3d 768, 770 (11th Cir. 2010). The *Rozier* decision recognized that prohibiting felons from possessing firearms was a "presumptively lawful longstanding prohibition." *Id.* at 771 (quotation marks omitted). We stated that *Heller* suggested that "statutes disqualifying felons from possessing a firearm under any and all circumstances do not offend the Second Amendment." *Id.*

In *Dubois*, we rejected a defendant's Second Amendment challenge to § 922(g)(1). 94 F.4th at 1291-93. We determined that *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022), did not abrogate our precedent in *Rozier* under the prior-panel-precedent rule because the Supreme Court made it clear that *Heller* did not cast doubt on felon-in-possession prohibitions and that its holding in *Bruen* was consistent with *Heller*. *Id.* at 1293. We held that, because we required clearer instruction from the Supreme Court before we could reconsider § 922(g)(1)'s constitutionality, we were still bound by *Rozier*. *Id.*

Here, we conclude that the district court did not err in convicting Williams under § 922(g)(1) because his challenges are

foreclosed by our binding precedent. *Dubois* and *Rozier* foreclose Williams's Second Amendment arguments. *See Rozier*, 598 F.3d at 770-71; *Dubois*, 94 F.4th at 1293. Further, as Williams conceded, his Commerce Clause arguments are similarly foreclosed by our precedent. *See McAllister*, 77 F.3d at 390; *Scott*, 263 F.3d at 1273. Accordingly, we affirm Williams's conviction under § 922(g)(1).

**II.**

We may recognize errors in the judgment and remand with instructions for the district court to correct the errors. *See United States v. Anderton*, 136 F.3d 747, 751 (11th Cir. 1998) (*sua sponte* remanding with directions to correct the judgment, where it cited the wrong statute).

Rule 36 allows a court "at any time [to] correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Fed. R. Crim. P. 36; *United States v. Portillo*, 363 F.3d 1161, 1164 (11th Cir. 2004). Rule 36 encompasses "minor, uncontroversial errors" and may not be used to correct substantive legal errors such as adding a term of forfeiture that was not imposed at sentencing or increasing a term of imprisonment. *Portillo*, 363 F.3d at 1164-65 (quotation mark omitted).

Because the district court's written judgment incorrectly lists Williams's offense as "18 U.S.C. §§ 922(g)(1) and (a)(2)," rather than 18 U.S.C. §§ 922(g)(1) and 924(a)(8), we vacate Williams's written judgment, in part, and remand for the limited purpose of

allowing the district court to amend the judgment to reflect the proper statute.

**AFFIRMED IN PART; VACATED IN PART AND REMANDED WITH INSTRUCTIONS.**