[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-13858

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

JOHNATHAN ANTON WILLIAMS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:22-cr-00308-JSM-AAS-1

_____

Before JORDAN, LUCK, and LAGOA, Circuit Judges.

PER CURIAM:

This case returns to us on remand from the Supreme Court. Johnathan Williams appeals his conviction for possession of a firearm and ammunition as a convicted felon, arguing that 18 U.S.C. § 922(g)(1) violates the Second Amendment and the Commerce Clause, both facially and as applied to him. In our previous panel opinion, we affirmed Williams's conviction and sentence. Williams petitioned for a writ of certiorari, which the Supreme Court granted in light of its decision in *United States v. Rahimi*, 602 U.S. 680 (2024). *See Williams v. United States*, 2025 WL 1603600 (U.S. June 6, 2025) (Mem.). We now reconsider Willaims' appeal with the benefit of the Supreme Court's guidance in *Rahimi*.

After careful review, we affirm Williams's conviction. However, as both Williams and the government agree that the judgment contains a clerical error incorrectly citing the offense of conviction as "18 U.S.C. §§ 922(g)(1) and (a)(2)," rather than 18 U.S.C. §§ 922(g)(1) and 924(a)(8), we thus vacate Williams's written judgment, in part, and remand for the limited purpose of allowing the district court to amend the judgment to reflect the proper statute.

## I.    FACTUAL AND PROCEDURAL HISTORY

Williams was indicted for possession of methamphetamine with intent to distribute, in violation of 21 U.S.C. § 841(b)(1)(C) ("Count One"); possession of a firearm in furtherance of a drug-trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i) ("Count

Two"); and possession of a firearm and ammunition as a felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) ("Count Three").

Williams moved to dismiss Counts Two and Three of the indictment, arguing that (1) both counts violated the Second Amendment following *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022), and (2) Count Three violated the Commerce Clause. The government responded, asserting that this Court's precedent foreclosed both of Williams's arguments. The district court denied Williams's motion to dismiss.

Williams waived his right to trial by jury and the case proceeded to a stipulated bench trial. Williams signed a factual proffer, agreed that the facts were true, and the court accepted the stipulations as evidence. The stipulated factual proffer included the following offense conduct. While conducting surveillance, law enforcement observed Williams give a man a tied-off plastic baggie in exchange for U.S. currency from his car. After law enforcement asked him to walk to the front of the car, a deputy observed, in plain view, multiple empty sandwich bags and a digital scale through the passenger window. When the officers asked Williams to place his hands behind his back, he attempted to flee but was apprehended. A search of the vehicle produced (1) a Taurus 9 mm pistol with a magazine and one round in the chamber, found between the center console and the driver's seat, (2) a Sig Saur pistol magazine with 9 mm ammunition in the center console, (3) a .45 caliber round in the driver-side door compartment, (4) 27.73 grams of methamphetamine, (5) two digital scales, and (6) $1,001.00 in

U.S. currency.  The gun was found near the narcotics and drug paraphernalia.  Williams had the gun to "further and protect his drug distribution."  An ATF agent determined that the gun was manufactured in Brazil, four rounds of Prvi Partisan ammunition were manufactured in Serbia, and seven rounds of Armscor ammunition were manufactured in the Philippines or Montana.   Williams had felony convictions for robbery, possession of cocaine, possession of a controlled substance with intent to distribute, and being a felon in possession of a firearm, and, on the day of the offense, Williams knew that he was a felon.  Williams had intended to distribute the methamphetamine.

The district court found Williams guilty on all three counts and sentenced Williams to a total of 104 months imprisonment, followed by 36 months of supervised release.  This appeal ensued.

## II.    STANDARD OF REVIEW

We review the constitutionality of a statute *de novo* as a question of law.  *United States v. Wright*, 607 F.3d 708, 715 (11th Cir. 2010).  Section 922(g) of Title 18 of the United States Code prohibits anyone who has been convicted of a crime punishable by more than one year of imprisonment from possessing a firearm or ammunition.  18 U.S.C. § 922(g)(1). We turn first to Williams's argument that § 922(g) is unconstitutional under the Second Amendment as applied to him and the Commerce Clause.[1]

---

[1] The distinction between as applied and facial constitutional challenges "goes to the breadth of the remedy employed by the Court, not what must be

## III.    ANALYSIS

### A.  Second Amendment Challenge

In *District of Columbia v. Heller*, 554 U.S. 570 (2008), the Supreme Court first recognized that the Second Amendment protects an individual's right to possess and carry weapons for lawful self-defense, unconnected with militia service. The Court then concluded that "on the basis of both text and history," D.C.'s law prohibiting the possession of handguns in homes violated the Second Amendment. *Id.* at 595. But the *Heller* Court also acknowledged that the Second Amendment right to keep and bear arms was "not unlimited," emphasizing that "nothing in [its] opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons." *Id.* at 626. The Supreme Court labeled these restrictions as "presumptively lawful." *Id.* at 627 n.26. It specifically ruled that Heller only had a right to register his handgun and carry it in his home if he was "not disqualified from the exercise of Second Amendment rights." *Id.* at 635.

After *Heller*, we considered and rejected, in *United States v. Rozier*, 598 F.3d 768 (11th Cir. 2010) (per curiam), a constitutional challenge to § 922(g)(1)'s prohibition on felons possessing firearms. We explained in *Rozier* that "the first question to be asked" under *Heller* "is whether one is *qualified* to possess a firearm." *Id.* at 770. When making this determination, a convicted felon's Second

---

pleaded in a complaint." *Citizens United v. Fed. Election Comm'n*, 558 U.S. 310, 331 (2010).

Amendment right to bear arms "is not weighed in the same manner as that of a law-abiding citizen." *Id.* at 771. Instead, *Heller* recognized that prohibiting felons from possessing firearms was a "presumptively lawful longstanding prohibition." *Id.* (quotation marks omitted). And this language from *Heller* "suggest[ed] that statutes disqualifying felons from possessing a firearm under any and all circumstances do not offend the Second Amendment." *Id.* We concluded that § 922(g)(1) was a "constitutional avenue to restrict the Second Amendment right of certain classes of people," including those with felony convictions. *Id.*

We rejected Rozier's argument that the statement from *Heller* about "longstanding prohibitions on the possession of firearms by felons" was "merely dicta" for two reasons. *Id.* at 771 n.6. First, to the extent that the statement "limit[ed] the Court's opinion to possession of firearms by *law-abiding* and *qualified* individuals," it was necessary to the decision reached. *Id.* Second, even if the statement were superfluous to *Heller*'s holding, we would still afford it "considerable weight," as dicta from the Supreme Court is not to be lightly ignored. *Id.* Because Rozier, as a convicted felon, fell within a class of people who could be excluded from firearm possession, Rozier's purpose for possessing a handgun and the fact that he only used the gun in his home for purposes of self-defense were "irrelevant." *Id.* at 770.

Several years later, the Supreme Court in *Bruen* introduced a new framework to correctly apply "*Heller*'s text-and-history standard." 597 U.S. at 39. At the first step, the court must decide

whether the challenged law burdens conduct protected by the plain text of the Second Amendment. *Id.* at 17, 32. If the law burdens protected conduct, the government must demonstrate the restriction burdens the Second Amendment right in a way that is "consistent with this Nation's historical tradition of firearm regulation." *Id.* at 17.

Applying its historical test, the Court invalidated New York's licensing law, which required applicants to demonstrate a "special need for self-defense" before obtaining a permit to carry firearms in public. *Id.* at 38. *Bruen* relied on two main principles. First, a total or near-total ban on carrying weapons outside the home would infringe the Second Amendment right. *Id.* Second, the state failed to identify a "historical tradition limiting public carry only to those law-abiding citizens who demonstrate a special need for self-defense." *Id.* at 38–39.

Applying *Bruen*, we rejected a defendant's Second Amendment challenge to § 922(g)(1) in *United States v. Dubois*, 94 F.4th 1284, 1296 (11th Cir. 2024), *cert. granted, judgment vacated sub nom. Dubois v. United States*, 145 S. Ct. 1041 (2025) (Mem.), *reinstated by* 139 F.4th 887 (11th Cir. 2025) (*Dubois II*). In *Dubois II*, we found the challenge was foreclosed by *Rozier*, which "interpreted *Heller* as limiting the [Second Amendment] right to 'law-abiding and qualified individuals' and as clearly excluding felons from those categories by referring to felon-in-possession bans as presumptively lawful." *Id.* at 1293 (quoting *Rozier*, 598 F.3d at 771 & n.6). We also rejected the defendant's argument that *Bruen* abrogated *Rozier*,

observing that *"Bruen*, like *Heller*, repeatedly described the right as extending only to 'law-abiding, responsible citizens.'" *Id.* (quoting *Bruen*, 597 U.S. at 26). Because *Rozier* stood as binding, it foreclosed the defendant's Second Amendment challenge to § 922(g)(1). *Id.*

Then, in *Rahimi*, the Supreme Court rejected a Second Amendment challenge to 18 U.S.C. § 922(g)(8), which prohibits individuals subject to a domestic violence restraining order from possessing a firearm. 602 U.S. at 684–85, 693. The Court again declared that prohibitions on "the possession of firearms by 'felons and the mentally ill,' are 'presumptively lawful.'" *Id.* at 699 (quoting *Heller*, 554 U.S. at 626–27 & n.26).

The Court observed that in *Heller* and *Bruen*, it "used the term 'responsible' to describe the class of ordinary citizens who undoubtedly enjoy the Second Amendment right." *Id.* at 701–02. Even in holding that the statute was not unconstitutional as applied, the Court rejected the government's argument that a person could be disarmed "simply because he is not 'responsible.'" *Id.* at 701. It reasoned that the term was too vague to impose a meaningful limitation. *Id.* But unlike individuals merely deemed irresponsible, "[a]n individual found *by a court* to pose a credible threat to the physical safety of another may be temporarily disarmed consistent with the Second Amendment." *Id.* at 702 (emphasis added).

In January 2025, the Supreme Court vacated our decision in *Dubois* and remanded the case for further consideration after *Rahimi*. *See Dubois*, 145 S. Ct. at 1041. We reinstated our previous opinion in June 2025, concluding that *"Rahimi*—like [*Bruen*]—did

not abrogate our holding in *Rozier* that section 922(g)(1) is constitutional under the Second Amendment." *Dubois II*, 139 F.4th at 889. We reasoned that "[t]he only time that the *Rahimi* majority mentioned felons was to reiterate *Heller*'s conclusion that prohibitions on the possession of firearms by felons and the mentally ill are presumptively lawful." *Id.* at 893 (internal quotation marks omitted and alterations adopted). We stated in explicit terms that "*Rahimi* reinforced—not undermined—*Rozier*." *Id.* So, under both *Bruen* and *Rahimi*, § 922(g) is constitutional as applied to Williams, and the Second Amendment permits a permanent ban on his firearm possession. We thus conclude that § 922(g) is constitutional as applied to Williams.

### B. Commerce Clause Challenge

We now turn to Williams's challenge under the Commerce Clause. The Commerce Clause reads: "The Congress shall have Power . . . To regulate Commerce with foreign Nations, and among the several States, and with the Indian Tribes." U.S. CONST. art. I, § 8, cl. 3. We have held that § 922(g) is constitutional under the Commerce Clause. *United States v. Stancil*, 4 F.4th 1193, 1200 (11th Cir. 2021). We have also rejected as-applied challenges to 18 U.S.C. § 922(g), holding that the government proves a "minimal nexus" to interstate commerce where it proves that the firearms were manufactured outside the state where the offense took place and thus necessarily traveled in interstate commerce. *Wright*, 607 F.3d at 715–16. In *United States v. McAllister*, we explicitly rejected the argument that *United States v. Lopez*, 514 U.S. 549 (1995) rendered § 922(g)(1) unconstitutional as applied to the appellant,

holding that § 922(g)(1)'s statutory requirement of a connection to interstate commerce could satisfy the "minimal nexus" requirement that remained in binding precedent.  77 F.3d 387, 390 (11th Cir. 1996).  Similarly, in *United States v. Scott*, we held that *United States v. Morrison*, 529 U.S. 598 (2000) did not abrogate *McAllister* because § 922(g)(1) contained an explicit statutory jurisdictional requirement that "immunizes § 922(g)(1) from Scott's facial constitutional attack," and *Morrison* did not compel a different conclusion than reached in *McAllister*.  263 F.3d 1270, 1273 (11th Cir. 2001).  We thus conclude that Williams's Commerce Clause challenge to § 922(g)(1) fails.

## IV.    CONCLUSION

For the reasons stated, we conclude that the district court did not err in convicting Williams under § 922(g)(1) because his challenges are foreclosed by *Bruen, Rahimi*, and our binding precedent. *See Rozier*, 598 F.3d at 770–71; *Dubois II*, 139 F.4th at 893.  Further, as Williams conceded, his Commerce Clause arguments are similarly foreclosed by our precedent. *See McAllister*, 77 F.3d at 390; *Scott*, 263 F.3d at 1273.  Accordingly, we affirm Williams's conviction under § 922(g)(1).

However, because the district court's written judgment incorrectly lists Williams's offense as "18 U.S.C. §§ 922(g)(1) and (a)(2)," rather than 18 U.S.C. §§ 922(g)(1) and 924(a)(8), we vacate Williams's written judgment, in part, and remand for the limited

purpose of allowing the district court to amend the judgment to reflect the proper statute.[2]

**AFFIRMED IN PART; VACATED IN PART AND REMANDED WITH INSTRUCTIONS.**

---

[2] We may recognize errors in the judgment and remand with instructions for the district court to correct the errors. *See United States v. Anderton*, 136 F.3d 747, 751 (11th Cir. 1998) (*sua sponte* remanding with directions to correct the judgment, where it cited the wrong statute). Rule 36 allows a court "at any time [to] correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Fed. R. Crim. P. 36; *United States v. Portillo*, 363 F.3d 1161, 1164 (11th Cir. 2004). Rule 36 encompasses "minor, uncontroversial errors" and may not be used to correct substantive legal errors. *Portillo*, 363 F.3d at 1164–65. Because we conclude that the district court's error below was purely clerical, Rule 36 authorizes correction.